IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:01CR010 |
| | § | |
| JOHN RANDAL EPPERSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on December 6, 2017, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Maureen Smith.

John Randal Epperson was sentenced on August 17, 2001, before the Honorable Paul Brown of the Eastern District of Texas after pleading guilty to the offense of Felon in Possession of a Firearm-Count 1, a Class C felony; and Possession with Intent to Distribute or Manufacture Methamphetamine-Count 10, a Class A felony. Count 1 carried a statutory maximum imprisonment term of 10 years and Count 10 carried a minimum term of imprisonment of 10 years and maximum of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of VI, was 188 to 235 months. John Randal Epperson was subsequently sentenced to 120 months on Count 1 and 235 months on County 10 ordered to run concurrently, followed by concurrent 3 and 5 year terms of supervised release, respectively, subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse testing and treatment. Pursuant to a motion filed by the Defendant on February 13, 2015, under Title 18 U.S.C. §3582(c)(2), the term of imprisonment on Count 10

REPORT AND RECOMMENDATION – Page 1

was reduced to 188 months. On October 9, 2014, this case was reassigned to the Honorable Marcia A. Crone, U.S. District Judge for the Eastern District of Texas. On October 30, 2015, John Randal Epperson completed his period of imprisonment and began service of the supervision term.

The Defendant appeared before the Honorable Marcia A. Crone on January 30, 2017, and had his term of supervised release revoked to serve 12 months imprisonment, to be followed by two years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, abstaining from any intoxicants not prescribed by a physician, substance abuse treatment and testing, and placement in an halfway house for a period of six months to commence upon his release from imprisonment. On October 29, 2017, John Randal Epperson completed his period of imprisonment and began service of the supervision term.

On November 16, 2017, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt.54 Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) Defendant must live at a place approved by the probation officer and must notify the probation officer at least ten (10) days prior to any change of living arrangements. In the event notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (2) Defendant must allow the probation officer to visit Defendant at any time at his home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of his supervision that he or she observes in plain view; and (3) Defendant shall reside in a residential reentry center or similar facility, in a community corrections component for a period of 6 months to commence within 72 hours of his release from the custody of the Bureau of Prisons. Defendant must abide

by the rules and regulations of the center, and pay subsistence according to the United States Bureau of Prison's guidelines.

The Petition alleges that Defendant committed the following acts: (1), (2), and (3) Defendant left his residence at the residential reentry center without permission of the United States Probation Office or Court on November 10, 2017.

At the time of the hearing, Defendant had 167 days of unserved community confinement.

Prior to the Government putting on its case, Defendant entered a plea of true to all three (3) allegations of the Petition. Having considered the Petition and the plea of true to all three (3) allegations, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight (8) months plus 167 days, with no term of supervised release to follow. This recommendation takes into account the 167 days of unserved community confinement time owed by the Defendant in accordance with U.S.S.G. 7B1.3(d).

The Court also recommends that Defendant be housed in a facility in the men's facility in Fort Worth, Texas, if appropriate.

**SIGNED this 7th day of December, 2017.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE